CASE 115—APPEAL—SEPTEMBER 15.

# Runner, &c., v. Commonwealth for &c.

### APPEAL FROM WARREN COURT OF COMMON PLEAS.

1. Subsequent to the adoption of the Code of 1877, and prior to the act of May 5th, 1880, no appeal was allowed, either to the circuit court or court of common pleas, from judgments of the county court in bastardy cases.
2. Chapter 7 of General Statutes provides for the execution of two bonds in bastardy cases—one for the appearance of the accused, and the other for the payment of such sums as may be adjudged against him; and the surrender of the defendant to the court by the sureties in the former bond is a satisfaction of that bond, and releases the sureties from further liability thereon.
3. The case of Commonwealth v. Douglas (11 Bush) is overruled.

R. RODES FOR APPELLANTS.

1. No order of forfeiture appears in the record.
2. There is no verdict of a jury or judgment of the court, without which there can be no forfeiture. (Gen. Stat., p. 162; 1 Dana, 98.)
3. There was no motion made for a judgment on the bond, which was necessary. (3 Mon., 213.)
4. The court, by its acceptance of the defendant, at the instance of the sureties, discharged the sureties. (1 Duvall, 179; Gen. Stat., secs. 9 and 10, p. 163.)
5. There is no law authorizing an appeal in bastardy cases. (14 Bush, 411; Gen. Stat., pp. 311 and 312; Ibid, sec. 12, p. 163; Revised Stat., vol. 1, p. 200, sec. 13; Myers' Code, sec. 20; Myers' Supplement, pp. 62 and 63; Bullitt's Code, secs. 720 and 724.)
6. If there was any right of appeal, it was to the circuit court. (Gen. Stat., sec. 12, p. 163.)

J. G. HOLLINGSWORTH, OF COUNSEL ON SAME SIDE.

HALSELL & MITCHELL FOR APPELLEE.

The surrender of the defendant to the court was not a satisfaction of the bond executed by appellants. (Commonwealth v. Douglass, 11 Bush, 608.)

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

W. E. Runner, under charge of bastardy, executed a bond with appellants as sureties, conditioned for his appear-

ance. Having been found guilty, a forfeiture was entered by the county court, and summons issued against the sureties to show cause why judgment should not go against them on the forfeiture. A demurrer was interposed to the jurisdiction of the court to render judgment, and on the demurrer being sustained, an appeal was taken to the court of common pleas, where judgment was entered against the sureties, from which they appeal.

It is insisted for appellants, first, that no appeal would lie from the county court to the court of common pleas, but if there was any appeal it was to the circuit court; second, that the true import of the bond was, that the accused should appear and answer the charge in the county court, and that having so appeared and tendered himself in satisfaction of the judgment, appellants, the sureties in the bond, were discharged.

Waiving the inquiry as to whether the appeal should have been to the circuit court instead of to the court of common pleas, since a decision of the other questions will dispose of the case on its merits, we are of the opinion that, subsequent to the adoption of the present Code, January, 1877, and prior to the passage of the act of May 5th, 1880, no appeal would lie in such cases either to the circuit court or to the court of common pleas. By an amendment, March, 1860, to section 20 of Myers' Code, circuit courts were given appellate jurisdiction of judgments and final orders of the county court in bastardy cases. This section was omitted from the revision of 1877, and nothing introduced which appears to have been intended to take its place. It is true that subsection 2 of section 724 of the present Code authorizes an appeal to the circuit court where the matter in controversy is twenty dollars or more, exclusive of interest and costs; but that has

reference to proceedings in strictly civil actions, and not to special proceedings such as this; beside, this section regulates but does not confer jurisdiction. (Turner v. Johnson County, 14 Bush, 411.) It is the same as section 847 of Myers' Code, which was held not to apply to bastardy cases, and the fact that it did not apply necessitated the amendment of March 1st, 1860, above referred to. (Chandler v. Commonwealth, 4 Metcalfe, 66.) Section 12 of chapter 7 of the General Statutes does not confer jurisdiction on appeal in such cases. That section was adopted while Myers' Code was in force regulating the jurisdiction, and it simply recognizes the fact of the existence of the right of appeal, but does not undertake to confer it. The act of March 5th, 1880, chapter 1525 of Session Acts of 1879–'80, authorizes an appeal in such cases, and is a legislative construction in harmony with the views herein expressed.

We might rest the case here, but the importance of the second point, made by counsel, to the correct and uniform administration of justice, constrains us to go further, and to express the opinion that the surrender by the sureties of W. E. Runner to the court was a satisfaction of the bond, and relieved appellants from any responsibility thereon.

Chapter 7 of General Statutes contemplates the execution of two bonds in bastardy proceedings—one to insure the appearance of the accused to answer the charge, and the other to secure the payment of such sums as may be adjudged against him on conviction. The forms of these bonds are given in section 14 of that chapter, the first of which is simply a bail bond, and the second a bond to secure the payment of such sums as may be adjudged against the accused. The second of these bonds may be given before or after judgment, and the form varied to suit the facts; and

this is the material difference between the law as found in Myers' Supplement, 62, and in the General Statutes.    The law, prior to the adoption of the General Statutes, did not contemplate the execution of any such bond as last mentioned until judgment against the accused, but in other respects the law is the same, and the construction given to it in Commonwealth v. Sanders (MS. Op., March 11th, 1873) is the construction that should be given here.

The bond for the appearance of the accused "in the county court, and to perform the judgment of said court," is first mentioned in section 3 of chapter 7 of General Statutes, and the bond to secure the payment of the sums adjudged against him is first mentioned in section 5.    This last mentioned section, speaking in reference to the bond referred to in the third section, provides that "should the accused fail to appear, as required by his bond, and remain to respond to and satisfy any judgment that may be rendered against him, the bond for his appearance as aforesaid shall be forfeited, and judgment rendered thereon."    In case of forfeiture for non-appearance, the sureties, instead of being compelled to pay the full amount of the forfeited bond, are permitted to execute a bond to pay such sums as may be adjudged against the accused.    The ninth section provides that if the finding of the jury is against the accused, "and, in case of forfeiture and judgment thereon, should the surety or sureties, or either of them, fail or refuse to avail himself or themselves of the provisions" referred to above, the money collected upon the forfeiture shall be applied to the satisfaction of the judgment and costs, and the remainder, if any, shall be paid to the trustee of the jury fund.

The 10th section reads: "The accused who has failed to execute bond before judgment, if he shall be adjudged to be

the father of the child, shall thereupon enter into bond, with good security, to be approved by the court, conditioned for the payment of the sums adjudged, in such installments as the court shall direct.   In case of his failure to enter into such bond, the court shall commit him to jail, there to remain until he shall give such bond, pay the money, or be discharged as an insolvent debtor."

This court in Commonwealth v. Douglas (11 Bush) overlooked the fact that the statute provides for two classes of bonds that might be executed before judgment.   The one mentioned in section 3 conditioned for the appearance of the accused, and the other in section 5 conditioned "to pay such sums as may be adjudged against the accused."

That the court in that case did not consider the provisions of the 5th and 9th sections, and based the opinion upon the 10th section alone, is manifest from the language of the opinion, where it is said: "Section 10 of the General Statutes contains no provision requiring the accused to enter into bond after a trial and judgment when he had executed a bond *before judgment*."   Even the 10th section, standing alone, does not authorize the construction given it by the court in the Douglas case.   The bond "before judgment," there referred to, is of the same tenor as the one provided to be executed after judgment.   It should be construed as if it read : "If the accused shall be adjudged to be the father of the child, and has not theretofore executed bond conditioned to pay the installments, he shall then do so, or be committed to jail."   The reasonable inference is, that when a statute prescribes the terms of a bond to be executed, in case no bond has been previously executed, the object and the terms of the two bonds are to be the same.

It would be a hardship certainly not contemplated by the law-makers if the statutes are so construed as to deprive the accused of the right to give bond for his appearance in court, unless at the same time his sureties bind themselves to pay whatever judgment may be rendered against him. If the legislature had intended to impose a condition so much at variance with the requirements in all other special proceedings, and even in criminal cases, it is reasonable to suppose that the intention would have been expressed in an unequivocal manner. For these reasons the case of Commonwealth v. Douglas (11 Bush) is overruled.

Judgment reversed, and cause remanded, with directions to dismiss the appeal.